### Bud Davis v. The State.

No. 8026. Decided October 22, 1924.

No motion for rehearing filed.

Arson—Circumstantial Evidence—Sufficiency of.

In this case the state relied solely on circumstantial evidence to sustain the conviction. The evidence is not sufficient and the cause is reversed.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of arson; penalty, two years' confinement in the State penitentiary.

*Pratt P. Bacon, Keely & Dalby,* for appellant.

*Tom Garrard,* State's Attorney and, *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for arson; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charges that the appellant "did wilfully burn a house * * * the property of and belonging to John Davis."

John Davis had recently purchased a gin from Morrison, who was operating it at the time of the fire. The fireman, according to his testimony, left the gin about dark. The fire was burning low, and the furnace doors were secured and water poured in front of them. The fire occurred during the night. It was observed by the witness Steager, whose home was some 200 yards distant, about four o'clock in the morning, he being awakened by the ringing of his telephone bell. At that time "it seemed to be burning all over." Upon his going to the gin he found other persons there, but not the appellant or John Davis. Morrison, who lived about a mile from the gin, learned of the fire about the same time as did the witness Steager. He reached the gin after others had gotten there. He left word with his wife to communicate with John Davis who lived at Texarkana. She did not get into communication with him until eight or nine o'clock in the morning. Morrison saw nothing of the appellant in the vicinity of the fire. He observed some tracks which he described. John Davis arrived about noon. Morrison went with him to Texarkana, where he found the appellant, who stated that he had been to Atlanta to see about some blood-hounds. Hitt who resided some six miles from Atlanta and in the O'Farrel community, did not know the appellant, but saw a man whom he identified upon the trial as the appellant about sunup on the morning that the fire occurred, at a place which he described as "down below where my father lives." The man appeared to be looking for something in the road. Hitt had previously learned of the fire; and according to his testimony, the burning was mentioned to him by the appellant, who stated that he had come from Texarkana in company with his brother who had learned of the fire about four o'clock in the morning. The witnesses Liles and wife testified that the appellant was at their home about 7:30 o'clock on the morning of the fire. Their home was in the O'Farrel community. The fire was discussed and the appellant stated that his brother had received notice of the fire early in the morning; that they had come together in an automobile and had parked the car at a place which he pointed out to Liles, which was about five or six miles from O'Farrel and three or four miles from Atlanta. The District Attorney investigated the burning. According to his testimony, after John Davis denied that his brother had gone to O'Farrel on the morning that the fire occurred, he arranged with Hitt to see if he could identify the appellant as the man who visited his house about 7:30 o'clock on the morning of the fire. According to the witness, appellant also denied being at O'Farrel and said that he went to Atlanta but proceeded no farther because he was sick. Liles also testified that there were tracks seen by him in the vicinity or locality pointed out by the appellant as the place where the automobile was parked. The witness saw a large track about a mile

back and also some tracks in a field, apparently made by a man who was running. He also saw tracks of a man and woman. He gave no description of the tracks nor testimony showing their similarity with the foot-prints of the appellant. John Davis and a number of other witnesses testified that the appellant was in Texarkana at the time of the fire.

The evidence is wholly circumstantial. It fails to show that the gin was over-insured; that John Davis was in need of money; that the appellant had any interest in the gin or the insurance. The conviction rests apparently upon the testimony to the effect that the appellant was seen in the O'Farrel communnty some three or four hours after the fire was discovered and that he had made declarations touching the reason for his coming, the time of his coming and the company in which he came, some of which were shown to be false. The State introduced his declaration to the District Attorney to the effect that he had not been in the vicinity of the gin; that he had gone no farther than Atlanta. The State's witness Morrison found the appellant in Texarkana, and his declaration that he had been to Atlanta was proved by the State. These declarations introduced by the State coincided with the appellant's theory as developed from the proof of the witnesses who testified to an alibi. The tracks, evidence of which was introduced, did not remotely connect the appellant with the offense. The place where the automobile was parked was six miles from the fire. There was no evidence that the appellant was in company with a woman. The tracks to which reference was made were not near the place described by the witness Hitt as being the place where appellant told him the automobile was parked.

Conceding that all controverted matters of fact were resolved in favor of the State, the weakness of the State's case is apparent. Proof that there was a wilful burning by an incendiary is but inferential and meagre. Steager by whom the State introduced the fire and who lives but 200 yards from the gin, testified that there were other persons there when he arrived. He did not name them nor did the State introduce them so far as we have been able to discern from the record. How long the fire had been burning when he first observed it is not revealed further than his declaration that when he discovered it "it was burning all over." The interest of the appellant or his motive for burning the gin is extremely remote. The theory arising from the evidence of accidental burning or that the fire resulted from the act of another seems not adequately met. The inconsistent statements attributed to the appellant by some of the witnesses at most are but suspicious circumstances which, taken alone, are not deemed sufficient to warrant the verdict of guilty; and the evidence as a whole is not deemed such as fulfils the legal measure of circumstantial evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*